McDONALD, J.,
concurring and dissenting, which ADKINS, J., joins.
The Majority Opinion thoroughly and accurately reviews the record of this proceeding. I agree with the Majority’s disposition of the exceptions. My only disagreement is with the sanction. I would impose an indefinite suspension.
There is no question that Ms. Zhang violated several provisions of the MLRPC[1]; the more difficult question is the *181 sanction to be imposed. One of the potential mitigating factors that we recognize is the “absence of a ... selfish motive.” Majority op. at 172, 100 A.3d at 1137. There appears to be no disagreement that Ms. Zhang became involved in the Virginia proceeding that led to this disciplinary action because she wished to help a young niece—for whom she felt responsible—who was in the process of immigrating to this country and who apparently had made a mistake in entering into a marriage. The Majority concedes that “the motivation of helping a relative may not be at the most egregious end of selfishness,” but discounts it on the ground that she had “a personal interest in achieving a positive outcome for her relative” and therefore was “not free from self-interest.” Id. at 173, 100 A.3d at 1138.
In my view, “absence of a selfish motive” does not mean “selfless.” In other words, an errant attorney need not be a candidate for canonization to be worthy of a sanction short of disbarment. Rather, this mitigating factor helps distinguish situations in which an attorney acts for purposes of self-advancement, greed, or some dishonest purpose, from those in which an attorney goes astray in a misguided effort to help another. Although many of her actions were wrong, misleading to a court, and self-defeating, Ms. Zhang’s underlying motivation was to help her niece and, unlike the situation in Sheinbein,[2] the goal of obtaining a divorce for her niece was perfectly legal. I would reserve disbarment for serious misconduct with a less benevolent motive.
Judge ADKINS joins this opinion.

. One of the violations in this case suggests that a rule is ripe for revision. In particular, we find that Ms. Zhang violated MLRPC 7.4(a) because she stated on her website that she "specialized” in certain areas of practice. Majority op. at 166-68, 100 A.3d at 1134-35. This appears to be a violation of the rule, but does the rule itself make sense?
A random walk through the websites of law firms listed in the yellow pages of the Maryland Lawyers' Manual yields many instances in which lawyers strongly imply, or state in other words, that they specialize in certain fields. Limitation of one’s practice to certain areas and disclosure of that limitation to the public is a good thing. A lawyer who tries to be a jack of all trades will be competent at none and may commit more serious violations of the MLRPC. A person who is looking for a lawyer to help with a divorce should not waste time considering whether to hire a lawyer whose practice is devoted entirely to workers' compensation. At worst, the violation of MLRPC 7.4(a) here is a case of "ineligible synonym,” perhaps worthy of a five-yard penalty from the podium, but not itself a cause for disbarment.
The Maryland version of Rule 7.4(a) flatly prohibits a lawyer from holding out as "specialist.” By contrast, Rule 7.4(a) of the current version of the model rules adopted by the American Bar Association ("ABA”) prohibits a lawyer from stating or implying that the lawyer is "certified as a specialist”—a statement that implies that some regulatory body has endorsed the lawyer’s ability in a particular area. The commentary to the model rule states that "A lawyer is generally permitted to state that the lawyer is a 'specialist,' practices a 'specialty,' or 'specializes in’ particular fields, but such communications are subject to the 'false and misleading' standard applied in Rule 7.1 concerning a lawyer’s services.” ABA, Model Rules of Professional Conduct *181 (2013), Rule 7.4, Comment [1], at 561. Perhaps it would be worth considering a conforming revision to our rule.

. Attorney Grievance Comm’n v. Sheinbein, 372 Md. 224, 812 A.2d 981 (2002).